City of Terre Haute *v.* Burns—70 Ind. App. 712.

the fourth paragraph of reply, and for further proceedings not inconsistent with this opinion.

### CITY OF TERRE HAUTE *v.* BURNS.

[No. 9,279.   Rehearing denied October 25, 1917.   Transfer denied
December 17, 1918.]

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by Robert M. Burns against the city of Terre Taute. From a judgment for plaintiff, the defendant appeals. *Reversed.*

For former opinion, see 69 Ind. App. 7.

FELT, J.—Appellee insists that a rehearing should be granted and that the judgment should be affirmed for several alleged reasons, the principal ones being as follows:   (1) That this court erred in holding that Don M. Roberts was the *de.facto* city civil engineer and (2) in holding that a *de jure* officer cannot recover the salary attached to the office from the municipality under which he holds such office, for a period of time during which the office was held by a *de facto* officer who discharged the duties of the office and received the salary for the period in controversy.

The original opinion clearly states that there is a conflict of authority on the latter proposition and cites authorities supporting both views.   We have reviewed many of the decisions and are content with the conclusion reached and announced in the original opinion.

However, appellee now contends that such conclusion is in conflict with the decision of the Supreme Court in the case of *State, ex rel.* v. *Carr* (1891), 129 Ind. 44, 28 N. E. 88, 28 Am. St. 163. 163.

This case received careful consideration when the opinion was written and we have again examined it to determine whether we were right in the conclusion then reached that the facts of that case on which the opinion is based are so radically different from those of the case at bar that it is not a precedent we should follow in this case.   As to the questions actually decided there is no necessary conflict in the two decisions.   Opinions are to be read and considered in the light of the facts on which they are based and the questions actually presented to and decided by the court.   What is said

beyond that is mere *obiter dicta*, is not an essential part of the opinion, does not amount to a decision of the question discussed, and is binding on no one.

In the case at bar appellee did not have possession of the office or discharge the duties thereof. In the Worrell-Carr case, *supra*, Worrell was not only the *de jure* officer but he was in actual possession of the office provided by the proper authorities and discharged duties pertaining thereto during the period for which he claimed the right to receive the emoluments of the office, which facts clearly appear from the opinion. *State, ex rel.* v. *Carr, supra*, 45, 49.

That a decision may work a hardship on some individual is always to be regretted, but it affords no excuse for refusing to follow sound legal principles in rendering a decision. This proposition has peculiar force when applied to a case like the one at bar for the reason that it affects the general public and may indirectly interfere with the prompt and efficient discharge of the duties of public officials.

We find no reason for departing from the conclusions announced in the original opinion. The petition for a rehearing is therefore overruled.