(Nos. 11773-11774.—Judgments reversed.)

THE PEOPLE *ex rel.* Hector Durante, Appellee, *vs.* JAMES H. BURDETT *et al.* Appellants.—THE PEOPLE *ex rel.* Tony Blasi, Appellee, *vs.* Same Appellants.

*Opinion filed February 20, 1918—Rehearing denied April 4, 1918.*

FEES AND SALARIES—*a de jure officer who has been suspended cannot recover salary paid to de facto officer.* A *de jure* officer or employee who has been for a time wrongfully prevented from discharging the duties of his office cannot recover from the State the salary for such time when it has been paid to a *de facto* officer who has discharged the duties of the position during the suspension of the *de jure* officer. (*People* v. *Schmidt,* 281 Ill. 211, followed; contrary expressions in *People* v. *Coffin,* 279 Ill. 401, overruled.)

APPEALS from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, (EDWARD H. TAYLOR, and ADA M. CARTWRIGHT, of counsel,) for appellants.

ADOLPH MARKS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Relators, Hector Durante and Tony Blasi, were employed in the office of private employment agencies of the State of Illinois as inspectors of private employment agencies and were under the Civil Service act. They were suspended by the chief inspector of private employment agencies October 27, 1913, and charges filed against them October 28, 1913. The salary of each of the relators was $125 per month. There was a considerable delay in hearing the charges by the civil service commission, but a hearing was finally had, and on January 16, 1917, Durante and Blasi were ordered re-instated but without pay from the time of their suspension to the time they were re-instated. The reason given in the order of the civil service commission why they should receive no pay for the time they were suspended was that the delay in hearing the charges was due to technical objections of relators and their unwarranted action in securing a writ of prohibition to prevent the president of the commission from hearing the charges, which required an appeal to the Appellate Court to set aside the action of the court granting the writ. The order recites that under the circumstances it would be unjust to allow relators pay for the time they rendered no services to the State. Since January 16, 1917, relators have been in the discharge of the duties of their respective positions and receiving the salary therefor. During the time relators were suspended the duties of their positions were performed by other persons under temporary writs issued by the civil service commission, who were paid the salaries allowed employees in said positions. The relators filed separate peti-

tions for writs of *mandamus* in the superior court of Cook county to compel the civil service commission and the chief inspector of private employment agencies of the State of Illinois to certify and approve pay-rolls for their salaries during the time they were suspended, and also commanding the State Auditor to issue warrants therefor and the State Treasurer to pay said warrants. The superior court held Durante was entitled to the full salary during the time of his suspension ($4708.33) and that Blasi was entitled to pay for the full time he was suspended, less $1602.76 earned and received by him during that period while employed as watchman in the office of the State Treasurer, and writs of *mandamus* were awarded as prayed. The civil service commissioners have prosecuted separate appeals from the judgments in both cases

As the rights of the parties are the same and the questions raised by the assignment of errors are the same in both cases they have been consolidated for hearing in this court and will be disposed of in one opinion.

One of the defenses interposed by appellants is that a *de jure* officer or employee who has been for a time wrongfully prevented from discharging the duties of his office can not recover from the State the salary for such time when it has been paid to a *de facto* officer who has discharged the duties of the position during the period of time the *de jure* officer was prevented from discharging them. This was held to be a good defense in *People* v. *Schmidt,* 281 Ill. 211, where the precise question here raised was passed upon and where it was held the *de jure* officer could not in such case recover. Any contrary holding in *People* v. *Coffin,* 279 Ill. 401, is overruled. It is unnecessary to refer to or discuss other questions raised.

The judgments are reversed.        *Judgments reversed.*