SNOWDEN ET. AL. *v.* STACKERT.

[No. 26,271. Filed January 8, 1935.]

*Harry Long, Gilbert Gruenberg,* and *Roswell B. Johnson,* for appellant.

*Joseph Conroy, Nathaniel Bernstein, Darrow, Rowley & Shields,* for appellee.

TREMAIN, J.—This was an action of mandamus against the board of public safety of the city of Gary, Indiana, brought by the relatrix, to compel the appellants to reinstate her as a police officer. The complaint

alleged that the relatrix was appointed a police officer of said city on January 4, 1926; that she faithfully performed her duties until January 8, 1930, when she was discharged. The complaint contained the necessary averments as to her appointment, qualification, fitness and service; and, on last said date, she was wrongfully discharged without cause, notice, or hearing. Prayer that the board of public safety be compelled to reinstate relatrix as a member of the police department as of the date of her discharge.

Appellants answered in five paragraphs. The first was a general denial; the second admitted that the relatrix was a policewoman of the city of Gary and alleged that the board of public safety had the power and authority to discharge her without a hearing; the third paragraph alleged that relatrix resigned on the 8th day of January, 1930; the fourth alleged that the relatrix abandoned her office; and the fifth paragraph of answer alleged that the relatrix resigned her office and turned her equipment over to the appellants, that the appellants entered such resignation upon the records of the board of public safety and in good faith believed that relatrix had surrendered all her authority and right to hold said position and alleged that by reason of her conduct she was estopped to claim any right or title to said office.

Appellee filed a reply in general denial to the affirmative paragraphs of answer.

The court made a special finding of facts and concluded that the law was with relatrix; that she was removed unlawfully from the police force of the city of Gary on January 15, 1930; and that the board of public safety be ordered to reinstate relatrix as a member of the police force as of that date. Judgment was rendered accordingly.

Appellants filed motion for a new trial upon the

grounds: (1) That the finding of the court was not sustained by sufficient evidence and was contrary to law; (2) the finding of the court failed to include any finding on all the issuable facts warranted by the evidence; and (3) the finding of the facts is contrary to law.

We proceed to a consideration of the sole question presented by appellants under their points and authorities. Appellants contend that the board of public safety of the city of Gary, a city of the second class, under section 10862, Burns Ann. Ind. Stat. 1926, (§48-6102, Burns 1933, §11477, Baldwin's 1934), had no authority to appoint a woman to the police department; that by section 10885, Burns 1926, §48-6124, Burns 1933, §11494, Baldwin's 1934), said board was authorized specifically to appoint a woman as police matron; that the sections must be construed together, and when so construed, appellants contend that the specific mention of a police matron in said section 10885 prohibited the appointment of a woman to the police force under section 10862 for the reason that it is not provided specifically in section 10862 that a woman may be appointed to such position.

There is no merit in appellants' contention. Under said section 10862 a woman may be appointed to serve in the police department. Among other provisions the section provides:

"The board shall appoint a chief of police, a chief of the fire force *and all other officers, members and employees of such fire and police forces.* . ."

There is nothing in the section to discriminate against a woman's being appointed to fill any of the positions provided for therein.

The provisions of said section 10885, Burns 1926, §48-6124, Burns 1933, §11494, Baldwin's 1934, relate to a police matron and specifically define her duties

which are not the duties of an ordinary policeman, and in no wise does said section undertake to limit the scope, or affect the provisions of section 10862, *supra*. Its effect is to create an additional office, that of a police matron.

Judgment affirmed.