CITY OF PERU ET AL. *v.* STATE EX REL. MCGUIRE.

[No. 26,405.  Filed January 10, 1936.  Rehearing denied January 12, 1937.]

C. Y. *Andrews, Albert H. Cole* and *Hugh P. Lawrence,* for appellants.

*Rhodes & Rhodes,* for appellee.

*Jones, Obenchain & Butler* and *David A. Myers, amici curiae.*

TREMAIN, J.—The relator, appellee herein, filed this action to mandate the respondents, appellants, demanding that he be restored to his position as a fireman in the Fire Department of the city of Peru, a city of the fourth class, from which position he alleged that he had been unlawfully removed for political reasons, and without a hearing as provided by section 48-6105, Burns' Ann. St. 1933, §11478, Baldwin's 1934; that relator possessed all the statutory qualifications and duly performed the services required of him. He alleged that he was discharged January 16, 1930, and since that date had not received his salary of $120 per month. He demanded that respondents be mandated to pay said salary to date of trial. He further asked that respondents be enjoined "from appointing or electing any other person to occupy said office in his place and in his stead and from paying to any other person the salary or emoluments thereof."

The issues were formed by affirmative paragraphs of answer to which a reply in denial was filed.

Among the answers filed was one admitting relator's discharge from his position on the fire force of said city, and alleging that upon his discharge, another was duly appointed and qualified in his place, and thereafter continued to act in said capacity and received the salary

thereof; that the relator's discharge was not for political reasons, but that he was discharged after a hearing was accorded him as provided by law.

The cause was submitted to the court for trial, which resulted in a finding and judgment for relator as follows: (1) The respondents were mandated to set aside their order discharging relator, and that he be recognized and re-established in office as a member of the fire force of said city, and (2) that respondents be, and they were, mandated to pay to relator his salary of $120 per month from January 16, 1930, to date of judgment in the total sum of $4,912.

The necessary proceedings were had to perfect an appeal to this court.

Under the statute, the common council of a city of the fourth class constitutes the board of public safety. The section of the statute above referred to provides that the members of the fire force, appointed by the board of public safety, shall hold their office until removed. Provisions are prescribed as to the hearing and manner of removal. The details of the statute need not be set out herein.

Upon the trial in the lower court, evidence was heard as to the relator's appointment and as to the method and manner of his removal. This question was one of fact submitted to the trial court, the result of which was a finding and judgment in favor of relator. Upon such question of fact, this court is without authority to weigh the evidence, but is bound by the judgment of the lower court. The evidence is such that the trial court was justified in deciding that the relator was not accorded a hearing as prescribed by the above statute, and that he was entitled to be restored to his position as a member of the fire force of said city. A proceeding in mandamus for that purpose is recognized in *Roth* v. *State ex rel.* (1902), 158 Ind. 242, 63 N. E.

460, and in other decisions. Therefore, upon the first proposition above stated, the judgment of the lower court must be affirmed.

The second proposition—the mandate requiring the respondents to pay the salary of $120 per month to the relator from January 16, 1930—presents a different question. The record affirmatively shows that during all of the time relator was discharged, that is from January 16, 1930, to the date of the judgment, another had been appointed in the place of relator and received the salary. This question was before the Supreme Court in *State ex rel.* v. *Hulley, Mayor* (1922), 192 Ind. 547, 137 N. E. 177, where the relator, a discharged policeman in the city of Marion, filed his action in mandamus against the respondents therein asking that they be required "to pay the relator his salary" as patrolman of said city during the time he had been unlawfully discharged. Prior to filing that action, the relator had filed another action in mandamus against the respondents, demanding that they be required to reinstate him in office on the police force, and judgment was rendered accordingly in his behalf. It was shown that while the relator was ousted from the position, another was performing the services and receiving the pay therefor. In the instant case the evidence, without contradiction, shows that the salary formerly received by the relator was paid to and received by another during all of the time the relator was out of office. There is nothing in the record to disclose what the relator's occupation was or what income he received or derived from any work performed by him during the time he was deprived of his position upon the fire force in the city of Peru by reason of said unlawful dismissal.

The question arises as to whether the relator was an officer of said city or merely an employee thereof. If he

was an officer with a fixed salary, a mandate ▮▮▮▮ would lie to compel an administrative officer to pay the salary, but if he was merely an employee of the city, it is clear that his remedy would be an action against the city for a breach of his contract of employment, and the measure of his damages for his wrongful discharge would be the amount the salary due to him from the city exceeded his earnings and income in other occupations or employment during the time of his wrongful discharge. *State ex rel.* v. *Hulley, Mayor, supra.* The decisions of this court hold that the relator was merely an employee of the city and not an officer. *Klink* v. *State ex rel.* (1935), 207 Ind. 628, 194 N. E. 352; *Kostanzer* v. *State ex rel. Ramsey* (1933), 205 Ind. 536, 546, 187 N. E. 337; *Roth* v. *State ex rel., supra.*

The relator tried his case in the lower court and has briefed and argued it in this court upon the theory that he was a public officer and that his rights were ▮▮ those of an officer wrongfully excluded from office. If this court were to accept relator's theory, he would then be in no better position because the rule is firmly settled in this state that where a *de facto* officer of a municipal corporation has received from the disbursing officers, in regular course, the salary attached to the office held by him for the time he occupied the same and performed the duties thereof, the municipality is not thereafter liable to the *de jure* officer for such salary, though he may obtain possession of the office and show that he has been kept out of it by the wrongful acts of the other officers of the municipality. *Leonard* v. *City of Terre Haute* (1911), 48 Ind. App. 104, 93 N. E. 872; *City of Terre Haute* v. *Burns* (1918), 69 Ind. App. 7, 116 N. E. 604; *State ex rel.* v. *Hulley, Mayor, supra; Morton* v. *City of Aurora et al.* (1933), 96 Ind. App. 203, 209, 182 N. E. 259; *City of*

*Terre Haute* v. *Burns* (1918), 70 Ind. App. 712, 177 N. E. 519; also see annotations in 55 A. L. R. 998.

The soundness of the rule above announced cannot be questioned when it is remembered that the disbursing officers of a municipality are not clothed with judicial power to determine whether or not a person vested with the indicia of an office or a position, and performing the .duties thereof, is, in fact, a *de jure* officer, where there has been no judicial' determination of such fact. The exigency of society requires efficient performance of official duties, and to secure such performance, prompt payment therefor is an essential requisite. If public authorities were required to withhold the pay of an incumbent or public officer until a judicial determination could be had, or to pay the same at the peril of being compelled to pay it the second time, it would have a tendency to impair the efficiency of public services, and would be against public policy.

Since the relator is declared by judicial determination in this state to be an employee merely, it is clear that he cannot maintain an action to mandate the municipality to pay to him the salary of the position during the time he was ousted, and when the salary was being paid to another. .Mandate does not lie in such case.

As above stated, his remedy was an action against the city for breach of contract of employment. Therefore, this cause is affirmed as to the mandate of the lower court in installing the relator to a position in the fire department in the city of Peru, and it is reversed as to the mandate awarding to him the sum of $4,912 as a salary.

Treanor, J., concurs in that part of decision which holds that relator was entitled to be reinstated in his position.