(No. 2719—▮▮▮▮▮▮)

Charles E. Marquis, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 11, 1937.*

Hubert H. Edwards, for claimant.

Otto Kerner, Attorney General, and John Kasserman and Murray F. Milne, Assistant Attorneys General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant was certified under the classified civil service of Illinois to the Lincoln State School and Colony as business manager on September 13, 1918. He was thereafter transferred to the Illinois State Reformatory at Pontiac as institutional chief clerk, and was again transferred on October 30, 1930 to the Kankakee State Hospital at Kankakee as business manager. Stipulations of fact have been filed, wherein it appears that both the above offices are under the same classification. On November 17, 1932, the Department of Public Welfare of the State of Illinois, acting through A. L. Bowen, then Superintendent of Charities, abolished the position of business manager at the Kankakee State Hospital, effective November 30, 1932. Such abolishment was not due to any fault or misconduct of claimant and the latter was then and continued to be in good standing with the Civil Service Commission of the State.

The record discloses that claimant received notification from A. L. Bowen that the position he was then holding had been abolished. He communicated with Superintendent Bowen in writing and accepted the latter's request to resign (Exhibit C, attached to Supplemental Stipulation of Facts); that on November 22nd he again wrote to Superintendent Bowen and stated that he desired to reconsider his action in resigning and that he demanded to be placed in position of chief clerk in the place of someone who was holding such

position as temporary appointee in some other State institution. Claimant was out of employment from November 30, 1932, to February 18, 1933, at which latter date the Department of Public Welfare discharged a temporary appointee who had been acting as chief clerk at the Illinois State Reformatory at Pontiac, and placed the claimant in said position.

Claimant contends that during the time he was out of employment there were no other parties certified by the Civil Service Commission or placed upon the waiting or eligibility list for said positions, and that during said period he was the only person eligible to a position under the civil service classification of business manager, chief clerk and comptroller for institutions. Claimant further contends that there is due him for salary and maintenance for the period from December 1st to February 18th, 1933, the sum of One Thousand Forty-two and 84/100 ($1,042.84) Dollars, together with legal interest.

No infringement of claimant's rights appears from the record. Why no other names but claimant's were shown on December 1, 1932 for the positions that existed at the several institutions of the State, does not appear. The statute however (*Sec. 12, Chap. 126a, Ill. State Bar Edition*) provides:

"When there is no eligible list the appointing officer may, with the authority of the commission, make temporary appointments to remain in force only until regular appointments under the provisions of this Act can be made."

As long as claimant was holding his position as managing officer at Kankakee there were no names on the eligibility list, and according to the record, positions similar to his own at all the other institutions of the State were then and there filled by temporary appointees. Notwithstanding the fact that claimant had apparently sent his written resignation to Superintendent Bowen, after receiving notice that the position he was then occupying would be shortly thereafter abolished, the Civil Service Commission and the Department of Public Welfare acceded to claimant's demands for re-employment and to a preference under his eligibility rating and within what appears to have been an entirely reasonable time, i. e. two and one-half months, discharged the temporary appointee who was holding the position of chief clerk at the State Reformatory at Pontiac and certified claimant for the

latter's position. The positions held by these several appointees i. e. institutional managers and chief clerks do not appear from the record to be of "an essentially temporary and transitory nature", which under the further provisions of said section shall be made only for a period of thirty days.

The Attorney General makes the further contention in defense against this claim that, even though claimant as a civil service employee had been illegally prevented from occupying a position to which he is entitled, that he cannot recover salary for such period of non-employment, because the record discloses that temporary appointees performed the services and received the salary incidental to such positions at all the various institutions of the State, during the time of claimant's non-employment. In support of such defense counsel cites *People* vs. *Burdette,* 283 Ill. 124, and decisions therein appearing. Claimant's demands appear to be without merit and the claim is hereby dismissed.