## CITY OF EVANSVILLE *v.* MADDOX.

[No. 27,320. Filed February 19, 1940. Rehearing denied April 1, 1940.]

*Louis L. Roberts* and *Leo Warren,* both of Evansville, for appellant.

*E. Menzies Lindsey,* of Evansville, for appellee.

TREMAIN, J.—The appellee was plaintiff below and alleged in her complaint that on the 27th day of August, 1931, she "was duly and legally appointed a member of the Police Force of said City of Evansville, under the jurisdiction of its Board of Public Safety"; that she qualified as a police officer "and entered upon the duties appertaining to that office," and thereafter continued as a member of the police force, serving "in the Department of Health and Charities and/or Sanitary Department" with the rank of a patrolman; that on the 4th day of January, 1935, the chief of police "wrongfully and unlawfully attempted to dismiss and discharge the plaintiff from her said office and/or employment," and refused to permit her to continue in the performance of her duties, against her will and over her objections; that no charges were filed against her charging any offense or unfitness; that she was awarded no trial or hearing before the board; that neither the Board of Public Safety nor the Board of Public Works and Safety has made any order discharging the plaintiff; that from the time of her appointment until discharged by the chief of police she received the pay of a second year patrolman on the police force, or $1,825 per year. It is averred that there was due and owing to her the sum of $490.88.

Thereafter, a supplemental complaint was filed demanding an additional sum of $1,300, being the salary

alleged to be due to the date of trial. A demurrer was filed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. It was overruled with exceptions. Defendant filed answers. The second paragraph of answer averred that the plaintiff ceased to perform any services for the city on the 4th day of January, 1935, and since that date the services theretofore performed by her have been performed by another to whom all salaries and wages appropriated have been paid. Plaintiff's demurrer to this paragraph of answer for want of facts was sustained, with exceptions.

There was a trial by the court, and upon proper request the court found the facts specially, in substance as follows:

The plaintiff was appointed a policewoman in the police department for the time and in the manner described in the complaint, and was assigned to the Department of Health and Charities until her discharge. The findings include all the facts averred in the complaint, above recited, including salary, want of charges, and hearing. Facts are found concerning the amount of appropriation made for the benefit of the police department as a whole, and the amount paid to the plaintiff before her discharge, and the amount due thereafter. That on the 1st day of January, 1935, a new city administration took office in charge of the executive and administrative departments, and "in conformity with the law of the State of Indiana" organized a Board of Public Works and Safety. On that date the board adopted a resolution classifying the employees under the jurisdiction of the department as follows:

"(a) Members of the police department to include all employees directly and actively engaged in the

enforcement of law and the apprehension and arrest of violators thereof.

"(b) Members of the Police Department for other purposes to include police radio operators, telephone operators, mechanics, secretaries, clerks, stenographers, and all other persons not members of the police force who now or hereafter may be employed in any service auxiliary or incidental to the management of the police department.

"(c) Members of the Department of Public Safety for other purposes to include . . . women attendants, inspectors, and all other officials and employees not falling within either of the above classifications."

This resolution was followed the next day by the adoption of an ordinance by the common council classifying the employees of the police department in accordance with the resolutions of the Board of Public Works and Safety. Thereupon, the mayor with the approval of the Board of Public Works and Safety appointed another person to perform the duties theretofore performed by the appellant in the Department of Public Health and Charities, who since that date has performed all services and has received the pay theretofore performed and received by plaintiff. Since said date the plaintiff has performed no services for the defendant, filed no petition, instituted no action to recover said position, and has demanded no hearing upon her discharge.

Upon said findings the court stated its conclusions of law as follows: (1) On January 4, 1935, the defendant unlawfully breached its contract of employment then existing between it and the plaintiff; (2) the plaintiff is entitled to recover from the defendant upon her complaint the sum of $490.88; (3) plaintiff is entitled

to recover upon her supplemental complaint the sum of $1,214.79; (4) the plaintiff is entitled to recover her costs.

Upon these findings and conclusions the court rendered judgment for the plaintiff in the sum of $1,705.67. A motion for a new trial was filed and overruled. On appeal the appellant assigns as error (1) overruling appellant's demurrer to appellee's complaint, (2) sustaining appellee's demurrer to the second paragraph of answer, (3) error of court in its conclusions Nos. 1, 2, 3, and 4, and (4) overruling appellant's motion for a new trial.

The appellant contends that its demurrer to the complaint was improperly overruled. The sufficiency of the complaint is attacked upon the ground that it is not alleged that the appellee "was ever appointed to or ever became a member of the Police Force of the appellant by proper appointment." This objection is based upon the allegation that she "was duly and legally appointed a member of the Police Force of said City of Evansville, under the jurisdiction of its Board of Public Safety." Appellant contends that such averment fails to state facts upon which the court could determine the manner of her appointment, or as to whether or not she was appointed by the Board of Public Safety as prescribed by statute. The objection, in reality, means that the pleader was stating a conclusion rather than an averment of fact and does not show that she was appointed by the proper authority.

It is further objected that there was no such officer as a policewoman in a city of the second class, to which the City of Evansville belongs; that the complaint alleged that she was discharged by the chief of police, an inferior officer, whereas under the statute she could be discharged only by the Board of Public Works and

Safety; that the allegations of the complaint did not show a contract between appellant and appellee; and that no demand for the hearing was made upon appellant.

The appellant did not ask the court to require the appellee to make her complaint more definite and certain, or to plead facts to sustain the conclusions contained in the complaint. The complainant repeatedly uses the symbol "and/or." She refers to her position as an "office and/or employment." The appellant certainly would have been sustained in a motion to require facts to be pleaded or to make the complaint more specific and certain by requiring the appellee to proceed upon a definite theory, either that she was an officer or an employee. Since the appellant elected to attack the complaint for want of facts without requiring appellee specifically to allege the theory upon which she was proceeding, it is not in a position to complain because she now contends that she was proceeding upon the theory that she was an employee, and filed the complaint against the appellant for damages predicated upon a breach of contract. The complaint as written may well be construed to be drawn upon that theory.

The complaint as a whole indicates that it was drawn and the case tried upon the theory that the appellee had been damaged by reason of a breach of her contract when dismissed by the chief of police. Had the appellee considered herself an officer and had she proceeded as such in writing her complaint and in the trial of the cause, she doubtless would have asked the court to mandate the appellant to reinstate her. She did not proceed upon that theory.

It is well settled by the decisions in this state that a member of the police force is merely an employee

of the city and is not an officer, and that her remedy is for damages for a breach of contract of employment and not by mandate. *State ex rel. Shanks* v. *Common Council, City of Washington* (1937), 212 Ind. 38, 7 N. E. (2d) 968; *City of Peru* v. *State ex rel. McGuire* (1937), 210 Ind. 668, 199 N. E. 151.

The objection that the complaint did not aver that the appellee demanded a hearing is without force, for the reason that no charges are alleged to have been filed against her, no notice was served upon her that charges had been filed, and no opportunity was given to her to demand a hearing. The law does not require the appellee to do the useless thing of demanding a hearing when no charges had been filed. *City of Michigan City* v. *State ex rel. Seidler* (1937), 211 Ind. 586, 5 N. E. (2d) 968; *State ex rel. Shanks* v. *Common Council, City of Washington, supra.*

The complaint is sufficient to show a contract between the parties. The allegation that the appellee "was duly and legally appointed a member of the Police Force of said City of Evansville, under the jurisdiction of its Board of Public Safety" is sufficient to establish an agreement or meeting of the minds between the appellant and appellee. In connection with this it is averred that she acted as a policewoman with the rank of a patrolman, the amount of salary is alleged, the payment thereof during the time she served, and the breach by notice from the chief of police of that city. While the chief of police is not authorized by statute to make appointments and discharge members of the police force, he does have control of and authority to direct the employees of that force. The complaint further discloses that, upon the dismissal of the appellee, the mayor with approval of the Board of Public Works and Safety appointed

another person to that position, thereby recognizing appellee's discharge and approving the action of the chief of police.

A further objection is made that the complaint does not allege that the appellee had a vested right in her position or office of policewoman. Such allegation would not have been either proper or necessary. She had no vested right in the position as an officer.

This court may look to the special findings to sustain the trial court in sustaining or overruling a demurrer to the pleading. The court found specially that the appellee was appointed a "policewoman" in the police department of the City of Evansville. The appellant assigns as one of its objections to the complaint that there is no such officer as policewoman. It matters little by what term the appellee was designated since it is alleged in the complaint that the appellee was appointed a member of the police force and received her salary as such from the appellant. She may be called a "policewoman" or designated by some other name. The fact that no statute expressly authorized cities of the second class to designate a woman as a member of the police force matters little. As stated in *Snowden* v. *Stackert* (1935), 207 Ind. 442, 193 N. E. 586, a woman may be appointed to serve in the police department. It is provided by statute that not only a chief of police may be appointed, but all other "officers, members and employees of such fire and police forces," § 48-6102, Burns' 1933, § 11477, Baldwin's 1934. No statute has been pointed out prohibiting a woman from being appointed to the police department or the police force in cities of the second class.

The court did not commit error in overruling the demurrer to the complaint.

The next error assigned by appellant is the sustaining of the appellee's demurrer to its second paragraph of answer, which alleged that the appellee ceased to perform services for the appellant on or about the 4th day of January, 1935, as a "public officer" of the defendant; that since said date all said services theretofore performed by the appellee have been performed by a person other than appellee, to whom there has been paid by the proper disbursing officers the "salary and wages appropriated for said public office." Notwithstanding the fact that a demurrer was sustained to this paragraph of answer, the court included in its special findings all facts averred in the answer. The appellant has not questioned the correctness of the finding of the court upon that subject. It is held in *Gilliland* v. *Jones, Executor* (1896), 144 Ind. 662, 669, 670, 43 N. E. 939, that this court will look to the special verdict to ascertain if the ruling upon a demurrer to an answer was harmless. Also, the court will look to the special verdict to ascertain if the ruling upon a paragraph of complaint was harmless; that the court will look to special findings and be controlled thereby. Unless the facts found entitled the defendant to a judgment, one cannot be rendered in his favor no difference what may have been pleaded in the answer. *Walling* v. *Burgess et al.* (1890), 122 Ind. 299, 22 N. E. 419, 23 N. E. 1076. The appellant was not harmed by the ruling upon the demurrer to the answer.

While a motion for a new trial was filed and over-ruled, and the evidence is brought before this court, nevertheless, the appellant makes no objection to the facts found except finding No. 19, in which the court found that the appellee was damaged in the sum of $1,705.67, by reason of being deprived of her employ-

ment as a police officer in the police department. The objection to this finding is that it is a conclusion of law and is not a finding of an ultimate fact. It may be considered as a conclusion and upon that ground be entirely disregarded and treated as surplusage. When so treated the remainder of the special findings are not only unimpeached but are approved by the appellant, by reason of the fact that it excepted to the conclusions of law and made no specific objections to the special findings. It may be added that the special findings disclosed that the sum of $268,225.76 was appropriated to pay the wages and personal services in the police department of the City of Evansville for the year 1933. There is no finding as to the amount appropriated for the benefit of the appellee or any other policewoman. It is found specially that: "The total salary of said policewoman (appellee) of the grade of patrolman, second year, in the Police Department of the defendant city which accrued from January 4, 1935, to April 2, 1936, amounts to $2,168.92." It was further found that during the period following the discharge of appellee she earned by other employment the sum of $463.25, which the court deducted from the salary she would have received had she remained in the employment of the city, and rendered judgment for the difference.

It is apparent that the appellee correctly selected her remedy by suing for a breach of her contract. The case was tried and decided upon that theory. The special findings are sufficient and the conclusions of law are correct. The court did not err in overruling appellant's motion for a new trial.

Judgment is affirmed.

NOTE.—Reported in 25 N. E. (2d) 321.