## HUST v. CITY OF EVANSVILLE

[No. 27,375.   Filed April 8, 1940.   Rehearing denied April 30, 1940.]

E. Menzies Lindsey, of Evansville, for appellant.

Louis L. Roberts and Leo Warren, both of Evansville, for appellee.

TREMAIN, J.—The appellant alleged in his complaint that he was employed by appellee to operate a fire alarm in the fire department of appellee, and after serving in that capacity from May, 1933, to January, 1935, was wrongfully discharged to his damage.   Issues were closed and the cause was submitted to the court for trial.   The court found the facts specially, and stated as its conclusions of law thereon that the plaintiff was

not entitled to recover and should take nothing. Judgment was rendered accordingly. Plaintiff excepted to the conclusions of law and filed a motion for a new trial, which was overruled.

The facts disclosed in the special findings concerning the appointment, discharge, resolution of the Board of Public Works and Safety, ordinance adopted by the common council, and appropriation are the same as those disclosed in *City of Evansville* v. *Maddox* (1940), ante p. 39, 25 N. E. (2d) 321. They differ in this respect: It is found that appellant herein was "permanently crippled, requiring the aid of crutches in walking, and was physically unable to perform the duties of a member of the fire force . . ."; that he was not a member of the fire force but was a mere employee of the city subject to be discharged at will.

It is assigned in the motion for a new trial that the decision is not sustained by sufficient evidence and is contrary to law.

Finding No. 1 states that appellant was employed to operate a fire alarm in the fire department. Finding No. 13 discloses that he was wholly incapacitated to perform services or duties as a member of the fire force. Under § 48-6105, Burns' 1933, § 11478, Baldwin's 1934, he was not entitled to a hearing upon charges to be filed as in case of a member of the fire force. He held his position at the pleasure of the board. §§ 48-6101 and 48-6102, Burns' 1933, §§ 11476 and 11477, Baldwin's 1934. He did not come within the classification "fire force" as defined by the statute or the city ordinance.

The court's conclusion No. 1, that appellant was not appointed as a member of the fire force, necessarily follows the facts found. As a mere employee, and not a member of the fire force, he is in no position to demand

compensation after the termination of the contract of employment.

The facts found do not bring the appellant within the rule announced in *City of Peru* v. *State ex rel. McGuire* (1937), 210 Ind. 668, 199 N. E. 151; and *Roth* v. *State ex rel. Kurtz* (1902), 158 Ind. 242, 63 N. E. 460, relied upon by appellant. He does not fall within the class of employees there under consideration. Nor does he come within the class of the appellee in *City of Evansville* v. *Maddox, supra,* nor within the provisions of § 48-6105, Burns' 1933, § 11478, Baldwin's 1934.

Special finding No. 20 is in the nature of a conclusion of law and should be disregarded. The conclusions reached by the court are supported by the other facts found. The facts are supported by the evidence.

Judgment is affirmed.

NOTE.—Reported in 26 N. E. (2d) 387.