## CITY OF HUNTINGTON *v.* FISHER.

[No. 27,710.  Filed April 6, 1942.  Rehearing denied
April 27, 1942.]

84

*Mart J. O'Malley* and *Lawrence E. Carlson,* both of Huntington, for appellant.

*Milo Feightner, Lee M. Bowers,* and *Arthur J. Palmer,* all of Huntington, for appellee.

FANSLER, J.—The appellee, widow and sole dependent of Isaac Fisher, a member of the Fire Department of the City of Huntington, who was killed while in the discharge of his duty as a city fireman, was granted compensation by the Industrial Board under the Workmen's Compensation Law. The city brought this action in the Appellate Court questioning the lawfulness of the award. The Appellate Court held, on authority of *City of Fort Wayne* v. *Hazelett* (1939), 107 Ind. App. 184, 23 N. E. (2d) 610, that the appellee was not entitled to compensation. The case comes to this court upon petition to transfer, which questions the correctness of the decision of the Appellate Court. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399.

In the Hazelett case it was pointed out that a city acts in a governmental capacity in maintaining a fire department, and is controlled by statute in hiring and discharging firemen, and that there is a statute providing for a pension system for members of the fire department, and the court concluded that, in view of these facts, firemen are not in the service of a city under a contract of hire within the meaning of the Workmen's Compensation Law. It is said that (page 189 of 107 Ind. App., page 612 of 23 N. E. [2d]):

"Considering these statutes together, it would seem there was no intent on the part of the Legislature to include members of a city fire department among the persons entitled to the benefits of our Workmen's Compensation Law." The opinion was by a divided court. See dissenting opinion of Stevenson, J.

In the Compensation Law, an "employer" is defined to include any municipal corporation using the services of another for pay, and an "employee" is defined to include every person in the service of another under contract of hire. § 40-1701, Burns' 1940 Replacement, § 16449, Baldwin's 1934. It has not been contended that public officers would be within the definition of an employee. It has been consistently held by this court that firemen and policemen are employees and not public officers. The question has arisen in actions seeking to recover for services and in cases involving the constitutionality of statutory provisions giving them a permanent tenure of employment during good behavior. *Roth et al.* v. *State ex rel. Kurtz et al.* (1902), 158 Ind. 242, 63 N. E. 460; *State ex rel. Ham* v. *Hulley, Mayor, et al.* (1922), 192 Ind. 547, 137 N. E. 177; *Freyermuth et al.* v. *State ex rel. Burns* (1936), 210 Ind. 235, 2 N. E. (2d) 399; *City of Peru et al.* v. *State ex rel. McGuire* (1937), 210 Ind. 668, 199 N. E. 151; *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. (2d) 321. The first of the cases cited was decided before the Workmen's Compensation Law was enacted, and the second before the amendment of the section defining employer and employee in 1929 and 1933. The fact that, under these decisions, firemen and policemen were declared to be employees, and that they were not expressly excluded from the operation of the Workmen's Compensation Law, tends to negative the conclusion that it was not intended to apply to them.

Nor can we agree that the fact that the city acts in a governmental capacity, and that the manner of hiring and discharging firemen is regulated by statute, and that a pension system is provided for firemen, furnishes a basis for concluding that it was not intended that they should come within the terms of the compensation law. The State is included within the definition of employer, and it acts in a governmental capacity, and the manner of its employment and discharge of employees is regulated by statute, and it may be noted that, under federal statutes, private employers are regulated in the employment and discharge of men where labor union membership is involved. The statute providing for pensions for municipal utility employees expressly excludes them from the provisions of the Workmen's Compensation Act. § 48-6607, Burns' 1933, § 12321, Baldwin's 1934. But we find no similar provision in the Firemen's Pension Law, and must assume, in the light of the express exclusion of municipal utility employees, that if an exception was intended because of the Firemen's Pension Law, it would have been expressed.

The judgment is reversed, and the cause remanded to the Appellate Court for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 40 N. E. (2d) 699.