**Linda ARTZ, Lyndsay Artz, by her guardian and next friend, Linda Artz, and Ashley Artz, by her guardian and next friend, Linda Artz, Appellants (Plaintiffs Below),**

v.

**BOARD OF COMMISSIONERS OF VIGO COUNTY and James Jenkins, Sheriff of Vigo County, Appellees (Defendants Below).**

No. 93A02–9008–EX–481.

Court of Appeals of Indiana, Second District.

Feb. 27, 1991.

Robert F. Hellmann, Landyn K. Harmon, Terre Haute, for appellants.

Kathleen K. Shortridge, Indianapolis, for appellees.

SHIELDS, Presiding Judge.

Linda, Lyndsay, and Ashley Artz (Artz) appeal a decision of the Worker's Compensation Board.

We reverse.

### ISSUE

Whether IC 22–3–2–2(c)(1) (1990) excludes county police officers from coverage under the Worker's Compensation Act.

### FACTS

Walter K. Artz, a member of the Vigo County Sheriff's Department, died in the line of duty on July 1, 1987. He is survived by his wife and two pre-school aged daughters. These surviving dependents filed a claim with the Worker's Compensation Board which was denied. They appeal.

### DISCUSSION

The issue on appeal is the meaning of IC 22–3–2–2(c)(1).

IC 22–3–2 through IC 22–3–6 does not apply to employees of municipal corporations in Indiana who are members of:

(1) The fire department or police department of any such municipality; and

(2) A firefighter's pension fund or of a police officers pension fund.

However, if the common council elects to purchase and procure worker's compensation insurance to insure said employees with respect to medical benefits under IC 22–3–2 through IC 22–3–6, the medical provisions of IC 22–3–2 through IC 22–3–6 apply to members of the fire department or police department of any such municipal corporation who are also members of a firefighters' pension fund or a police officers' pension fund.

IC 22–3–2–2(c) (1990 Supp.). Claimants argue the statutory exclusion is not intended to apply to county police and that Walter's death is covered by the Worker's Compensation Act (Act). Vigo County argues Walter, as a member of the county police department and its pension fund, is excluded from coverage by the Act. Our review of the Act persuades us that when the legislature enacted the critical language of this statute in 1943 it did not intend to exclude county police officers from coverage under the Act.

The parties agree the 1943 enactment excluding municipal police and firefighters was in response to a 1942 decision of the Indiana Supreme Court which held the Act provided death benefits to a city firefighter.

The statute providing for pensions for municipal utility employees expressly excludes them from the provisions of the Workmen's Compensation Act. But we find no similar provision in the Firemen's Pension Law and must assume, in the light of the express exclusion of municipal utility employees, that if an exception was intended because of the Firemen's Pension Law, it would have been expressed.

*Huntington v. Fisher* (1942), 220 Ind. 83, 86, 40 N.E.2d 699, 700 (citations omitted). In 1943 the legislature enacted Ind.Acts 1943, Ch. 114, Sec. 2 which explicitly stated "members of the fire department or police department of any such municipality" were excluded from coverage. That the legislature chose to enact the exclusion by amending the Act rather than including the exclusion in the respective pension fund statutes is of no consequence; the intent remains the same.

The parties disagree whether the 1943 enactment similarly intended to exclude county police officers covered by a pension fund. Vigo County argues the legislature's true intent was to exclude from coverage any police officer who is eligible for pension death benefits. While that argument has the merit of treating similarly situated individuals consistently, it is not supported by the circumstances as they existed in 1943.

First, had the legislature intended to enact an exclusion to prevent multiple coverages, the statute could and should have been drafted accordingly. Second, the legislature could not have intended to exclude that which did not exist. Thus, the legislature could not have intended to exclude county police officers because county police officers did not exist as such. More importantly their predecessors, deputy sheriffs, were not covered by a pension plan until 1961 when some deputy sheriffs were first referred to as county police officers in the legislation creating the first county police forces. Ind.Acts 1961, Ch. 285, Sec. 3. It was not until 1981 that every county had a county police force. Ind.Acts 1981, P.L. 309, Sec. 61.[1] Finally, the 1953 amendment to IC 22–3–2–2(c) re-enforces our conclusion as to the legislative intent in the 1943 amendment. The legislature's reference to common council in subsections (c), (e) and (f) and its reference to the city in subsections (e) and (f) evidence a legislative intent to limit the exclusion to cities.[2]

---

**1.** The 1981 enactment continued to refer to county police officers as deputies on occasion (*Cf.* IC 36–8–10–6 (1982)). Not until 1983 did the legislature resolve the conflict by consistent-ly describing the officers as county police officers. Ind.Acts.1983, P.L. 131.

**2.** Only cities have common councils.

The exclusion of IC 22–3–2–2(c)(1) does not apply to county police officers. Walter Artz was a county police officer and an employee of the county; therefore, the Act applies to the claim made by his surviving wife and children.

We reverse and remand for proceedings not inconsistent with this opinion.

ROBERTSON and SULLIVAN, JJ., concur.