INDIANA STATE POLICE DEPART-
MENT, Appellant–Defendant,

v.

Raymond J. CARICH, Appellee–Plaintiff.

No. 93A02–9610–EX–642.

Court of Appeals of Indiana.

May 19, 1997.

---

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellant–Defendant.

Randy J. Spitaels, Kindig & Sloat Nappanee, for Appellee–Plaintiff.

**OPINION**

HOFFMAN, Judge.

Appellant-defendant, the Indiana State Police Department (ISP), appeals the decision of the Full Worker's Compensation Board of Indiana (Full Board), which adopted a single

hearing member's decision awarding appellee-plaintiff Raymond J. Carich worker's compensation benefits. The parties stipulated to the following facts before the single hearing member.

In June 1990, Carich was an employee of the ISP. From June 5 through June 8, 1990, Carich attended a mandatory 40–hour school for training in the use of a new automatic weapon in connection with his employment with the ISP. After completion of the training course, Carich began to suffer from hearing loss. After seeing a doctor, it was determined that Carich experienced a permanent 82% hearing loss or impairment in his left ear. The permanent hearing loss or impairment is a personal injury by accident arising out of and in the course of Carich's employment with the ISP.

On June 1, 1992, Carich timely filed an application for adjustment of claim with the Indiana Worker's Compensation Board (Board) requesting compensation for his injury and reimbursement for $203 in uninsured medical expenses resulting from the injury. On October 21, 1992, the Board set a hearing on Carich's application. The ISP, by counsel, filed a motion to dismiss Carich's application claiming that Carich was a public officer and, thus, not an employee within the meaning of the Worker's Compensation Act (Act). The Board's hearing judge issued an order denying the ISP's motion and set another hearing for March 6, 1996. On March 22, 1996, a single hearing member entered an award on behalf of Carich in the amount of $6,752.70.

The ISP requested a review of the single hearing member's order by the Full Board. After hearing the arguments, the Full Board entered an order affirming the single hearing member's March 22, 1996 decision. The ISP now appeals.

The ISP's sole argument on appeal is that an Indiana State police officer is excluded from coverage under the Act. In support of its argument, the ISP refers to IND. CODE § 22–3–2–2(c) (1990 Supp.) which reads as follows:

1. Subsection (e) of IND. CODE § 22–3–2–2 states that:

IC 22–3–2 through IC 22–3–6 does not apply to employees of municipal corporations in Indiana who are members of:

(1) The fire department or police department of any such municipality; and

(2) a firefighters' pension fund or of a police officers' pension fund.

However, if the common council elects to purchase and procure worker's compensation insurance to insure said employees with respect to medical benefits under IC 22–3–2 through IC 22–3–6, the medical provisions of IC 22–3–2 through IC 22–3–6 apply to members of the fire department or police department of any such municipal corporation who are also members of a firefighters' pension fund or a police officers' pension fund.

According to the ISP, IND. CODE § 22–3–2–2(c) creates an exclusion to the Act. Thus, because Carich was injured while performing the duties of an Indiana State police officer and State police officers are members of the Indiana State Police Pension and Benefit Fund, Carich is excluded from coverage by the Act as a member of a police officers' pension fund.

In further support of its argument, the ISP attempts to distinguish the facts of its case from those of *Artz v. Board of Com'rs of Vigo County*, 566 N.E.2d 1105 (Ind.Ct.App. 1991). In *Artz*, a member of the Vigo County Sheriff's Department died in the line of duty. His surviving dependents filed a claim with the Worker's Compensation Board which was denied. On appeal, the issue facing this Court was the meaning of IND. CODE § 22–3–2–2(c). The claimants in *Artz* argued that the statutory exclusion was not intended to apply to county police and that the officer's death was covered by the Act. Vigo County argued that the officer, as a member of the county police department and its pension fund, was excluded from coverage by the Act. This Court determined that the legislature's reference to common council and its subsequent reference to the city in subsection (e) [1] of the statute evidenced a legisla-

Except as provided in subsection (f), where the *common council* has procured worker's compensation insurance under this section, any

tive intent to limit the exclusion to cities. *Artz*, 566 N.E.2d at 1106. Thus, we held that the statutory exclusion of police employees of municipal corporations who are also covered by department pension funds did not apply to county police officers. *Id.* at 1107.

The ISP contends that its claim is different from the claim in *Artz*. According to the ISP, the legislature intended to exclude State police officers from the Act because they are public officers. The ISP further maintains that through its amendment of IND. CODE § 10-1-2-4 (1996 Supp.), which reads in pertinent part, "A disability payment made under this chapter is worker's compensation in lieu of a payment under IC 22-3-2 through IC 22-3-7," the legislature clarified its intent that payments to State police officers from the State Police Pension Fund are in lieu of worker's compensation payments. *See* IND. CODE § 10-1-2-4(d). We disagree.

IND. CODE § 10-1-2-4 gives the ISP authority to establish, operate, and contribute to a disability reserve account for the payment of disability expense reimbursement and pension to disabled employee beneficiaries. With the addition of subsection (d), the legislature clarified its intent that any disability payment made under IND. CODE § 10-1-2-4 is worker's compensation in lieu of a payment made under IND. CODE § 22-3-2 through IND. CODE § 22-3-7. In essence, subsection (d) prevents an ISP employee from receiving both disability payments and worker's compensation. Here, however, there is no evidence that Carich sought disability benefits. Instead, he filed an application with the Worker's Compensation Board seeking benefits for his injury.

Moreover, as in *Artz*, we are not convinced that the legislature's true intent, under IND. CODE § 22-3-2-2(c), was to exclude from coverage any police officer who is eligible for pension benefits. The statutory provision specifically excludes from IND. CODE § 22-

3-2 through IND. CODE § 22-3-6 employees of *municipal corporations* who are members of the fire or police department and the firefighters' or police officers' pension fund. Had the legislature intended to enact an exclusion to exclude from coverage any police officer who is eligible for pension benefits, the statute could and should have been drafted accordingly. Also, the legislature's references to common council in subsections (c) and (e) and its reference to the city in subsection (e) are further evidence of a legislative intent to limit the exclusion to cities.[2] *Id.* Therefore, we find that the exclusion of IND. CODE § 22-3-2-2(c) does not apply to Indiana State police officers. No error occurred in awarding Carich worker's compensation benefits.

Affirmed.

GARRARD and NAJAM, JJ., concur.

---

member of such fire department or police department employed in the *city* carrying such worker's compensation insurance under this section is limited to recovery of medical and surgical care, medicines, laboratory, curative and palliative agents and means, x-ray, diagnostic and therapeutic services to the extent that such services are provided for in the work-

er's compensation policy procured by such *city*, and shall not also recover in addition to that policy for such same benefits provided in IC § 36-8-4.
(Emphases added.)

2. Only cities have common councils. *See Artz*, 566 N.E.2d at 1106, n. 2.