## AETNA LIFE INS CO v KEYSER

Ohio Appeals, 1st Dist, Butler Co

Decided May 22, 1934

Frost & Jacobs, Cincinnati, and C. J. Petzhold, Cincinnati, for plaintiff in error.

C. W. Elliott, Middletown, and Maxwell Finkleman, Middletown, for defendant in error.

### OPINION

By HAMILTON, PJ.

In this case a copy of the policy of life insurance was not attached to the petition, but the petition proceeded to state the substance by which plaintiff claimed to be entitled to recover thereunder. Furthermore, it has been decided that a policy of insurance is not within the provisions of §11333, GC.

In the case of **Byers v Farmers' Insurance Co., 35 Oh St, 606**, a copy of the policy of insurance was attached to the petition, and it was claimed this was error. The Supreme Court held that there being no objection to the attaching of the policy to the petition, it was not error to proceed with the trial of the case, treating the policy as a part of the petition. The converse of this proposition would be that, had timely objection been made the policy would have been stricken from the petition

Also, in the case of **State v Collins et, 82 Oh St, 240**, this question was before the Supreme Court. The first syllabus in that case is:

"Secs 5085 and 5086, Revised Statutes, (§§11333 and 11334, GC), authorize a pleader to attach copies of accounts or of such instruments only as are evidence of indebtedness existing at the time of their execu-

**384**

tion, or are instruments for the unconditional payment of money only."

This concerned the question of the attaching of an official bond to the petition. The court states in the opinion:

"Not only is this mode of pleading instruments. of this character unauthorized, but it is forbidden by the familiar rules that a petition should contain "a statement of the facts constituting the cause of action, in ordinary and concise language," and that evidence should not be pleaded. These instruments, not being for the unconditional payment of money, nor evidence of indebtedness existing at the time of their execution, are not within the provisions of §§5085 and 5086, Revised Statutes (§§11333 and 11334, GC)."

There have been many decisions in the trial courts to · the effect that a policy of insurance is not such an instrument as is contemplated by §11333, GC.

Our conclusion is, that the policy of insurance was not within the requirements of §11333, GC, and the omission to attach a copy to the petition was not error.

We find no prejudicial error in the record, and the judgment of the Court of Common Pleas is affirmed.

ROSS, J, concurs.