KLINK *v*. STATE EX REL. BUDD.

[No. 26,229. Filed February 23, 1935.]

*Walter L. Clements, Lewis W. Hammond, J. Clifford Potts,* and *George A. Schock,* for appellant.

*Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl,* and *George W. Omacht,* for appellee.

FANSLER, C. J.—Appellee brought an action in *quo warranto* to try the title to the office of commissioner of the board of public safety of the city of South Bend. A demurrer to the complaint was overruled, and a demurrer to an answer, which we need not describe, was sustained. The defendant refused to plead further, and there was judgment for the plaintiff, from which this appeal is taken.

It appears that the relator was appointed as a member of the board of public safety in 1929. In May, 1932, the mayor notified relator that he was removed from such office, and sent a message in writing to the common council stating his reasons for such removal. He then appointed appellant as successor to relator.

The single question presented was whether a commissioner of a board of public safety can be removed by the mayor summarily, or whether his appointment entitles him to serve during good behavior, and requires a hearing by some officer or body before removal. Section 48-1502, Burns 1933, provides:

"48-1502. Mayor—Powers and duties.—It shall be the duty of the mayor:

"Seventh. To appoint the heads of departments, as hereinafter created, in cities of the first, second, third and fourth classes, and to appoint, in cities of the fifth class, a city marshal, chief of the fire force and street commissioner, all of which appointees shall hold office until their successors are appointed and qualified; and he shall make such other appointments as may be provided by law or by the ordinances of any city: Provided, That the mayor may, at any time, suspend or remove from office any or all of such heads of departments or other persons, whether appointed by him or by any of his predecessors, by notifying them to that effect and sending a message to the council stating in writing his reasons for such removal."

Section 48-6101, Burns 1933, §11476, Baldwin's 1934, provides for a board of public safety, composed of three commissioners to be appointed by the mayor, and provides that:

"All persons so appointed shall serve during good behavior and shall be of good moral character and be able to speak and write the English language."

Section 2, Article 15, of the Constitution of Indiana, provides:

"Sec. 2. Duration of office.—When the duration of any office is not provided for by this Constitution, it may be declared by law; and, if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the General Assembly shall not create any office, the tenure of which shall be longer than four years."

Appellant contends that, if the second section of the statute quoted is construed to grant an indefinite tenure of office during good behavior, it is in conflict with the constitutional provision quoted.

Appellee relies upon the case of *Roth* v. *State* (1902), 158 Ind. 242, 63 N. E. 460, as supporting the view that "a man who is appointed to hold his office during good behavior, occupies it for a settled and established term;" and that "where the appointment is during good behavior, or where the removal must be for cause, the power of removal can only be exercised when charges are made against the accused." The case referred to involved the removal of policemen. We quote from that case:

"The provisions of the charter which in express terms declare that members of police force shall not be dismissed except for cause, and that they shall hold until removed for cause other than politics, certainly declares the duration of their terms, within the meaning or intent of the first part of §2 of article 15. And as their removal is thus restricted, they cannot be said to hold, within the meaning of this provision, at the mere will or pleasure of the appointing power. It is true that their terms are not fixed for a definite point of time in months or years, but the period of their holding is so declared and fixed by the law as to constitute a restriction and limitation on the power of the board to remove, within the rule recognized and asserted in the section in question. . . .

"The latter part of §2, which declares that 'the General Assembly shall not create any office the tenure of which shall be longer than four years,' by its express and specific language in reference to 'years' may be said to contemplate and be intended to apply to offices created, the terms of which are definitely fixed by law as measured by years, one, two, three, or four. From the very character or nature of the office or position held by a policeman of a town or city, this provision of our fundamental law can not, in reason, be held to apply."

Continuing, the court reasoned that, at the time the Constitution was adopted, policemen were employed and were not elected, and that therefore this office was not created by the Legislature, and that the legislation was merely a regulation concerning duties and functions. We can agree with *Roth* v. *State, supra,* that a policeman is not such a public officer as was contemplated by the constitutional provision, and we can agree that the provision that a public officer shall serve during good behavior "certainly declares the duration of their terms, within the meaning or intent of the first part of §2 of article 15." We are clear also that a commissioner of public safety is a public officer within the meaning of the Constitution. If the Legislature can provide for a tenure of office during good behavior (and most public officers behave so well at least that they may not be impeached), we can see no reason why it cannot provide for a life tenure, conditioned upon good behavior, since, in fact, a tenure during good behavior is a tenure for life, conditioned upon good behavior. It will be observed that in the case of *Roth* v. *State, supra,* the court holds that appointment during good behavior "certainly declares the duration," but by implication it is held that if a policeman were a public officer within the meaning of the Constitution such a tenure would violate the last provision of the section. It is our duty, if possible, to construe statutory enactments as conforming to the limitations imposed by the Constitution. The duration of the office is not fixed by the Constitution, nor is it otherwise fixed by the statute. We can not conclude that the Legislature intended the duration to be for life conditioned upon good behavior, since that would make the statute unconstitutional. It is argued upon the authority of *Roth* v. *State, supra,* that "it is true that their terms are not fixed for a definite point of time in months or years, but the period

of their holding is so declared and fixed by the law as to constitute a restriction and limitation on the power . . . to remove." But the power to remove an officer when the duration of the office is not provided for by the Constitution cannot be limited by the Legislature, since the Constitution provides that "such office shall be held during the pleasure of the authority making the appointment." It is true that the constitutional provision permits the duration to be declared by law, but it provides that the tenure shall not be longer than four years, and it will not be seriously urged that the Legislature may provide for a life tenure in office without conflicting with the constitutional provision merely because the life may be terminated within less than four years. As we construe the opinion, the conclusion in *Roth* v. *State, supra,* is based upon the sound ground that a policeman is not a public officer as contemplated by the Constitution. See *Kostanzer* v. *State ex rel. Ramsey* (1933), 205 Ind. 536, 546, 187 N. E. 337. It is not authority for the proposition that the Legislature may constitutionally create an office with a tenure to be terminated only by the death of the officeholder, or by a determination upon hearing that he has been guilty of bad behavior. As we understand it, the statute has never been interpreted as having the effect of continuing commissioners in office indefinitely, but has been considered as authorizing a newly elected mayor to appoint a new board of commissioners.

Appellant suggests that the provision:

"All persons so appointed shall serve during good behavior and shall be of good moral character and be able to speak and write the English language,"

was part of a suggested amendment, the remainder of which was taken out of the statute before final passage; that the quoted language applied to policemen and police officers and not to the commissioners, and that it was

left in the statute as finally passed by mistake and inadvertence. But we need not consider this suggestion. The two sections of the statute, which must be treated as having been passed at the same time, as they are part of the same act, are difficult to  reconcile without construing the second section in the light of the Constitution, as we have done above. But, in view of the Constitution, we must construe the statute as though the provision that commissioners shall serve during good behavior were omitted.

Judgment reversed, with instructions to sustain the demurrer to the complaint.