FREYERMUTH ET AL. *v.* STATE EX REL. BURNS.

[No. 26,606. Filed June 9, 1936.]

*Edwin W. Hunter* and *Harry W. Taylor,* for appellants.

*M. E. Doran, Clarence Manion* and *F. Kenneth Dempsey,* for appellee.

HUGHES, C. J.—The relator filed his complaint against the appellants, defendants below, and among other things, alleged that on the — day of April, 1926, he was duly appointed inspector of weights and measures for the city of South Bend, Indiana, and had ever since continued to act in such capacity; that on March 4, 1935, said city was indebted to him in the sum of $220.00 for services rendered as inspector of weights and measures; that on said date he filed his claim with the defendants, Edwin W. Hunter, Fred Woodward, and Fred Anderson, constituting the Board of Public Works and Safety of the city of South Bend, which said claim said board refused to allow under the order and direction of George W. Freyermuth, mayor of said city; that the said Freyermuth has attempted to declare said position of Inspector of Weights and Measures vacant and has ordered the Board of Works and Safety to refuse to allow any claims for relator's services and has further ordered the controller and treasurer not to issue or pay any vouchers in payment of services rendered by the relator and they have refused to make any payments therefor; relator further alleged that there has been funds appropriated by the common council of said city to pay for said services.

The relator prayed for a mandate commanding the above named officers to approve and allow his said claim and commanding the said Freyermuth, as mayor, to

vacate the order heretofore made declaring the position of inspector of weights and measures vacant.

The appellants, defendants below, filed a demurrer to the relator's complaint which was overruled. A general denial was then filed to the complaint and a trial was had upon the issues thus formed. Special finding of facts and conclusions of law were filed at the request of the appellants.

The special finding of facts was as follows:

"1. That the relator, Charles J. Burns, on the — day of April, 1926, pursuant to statute, passed an examination which was given by the State Commissioner of Weights and Measures and said Commissioner approved the said relator's appointment as City Inspector of Weights and Measures for the Municipal City of South Bend, Indiana.

"2. That the then Board of Public Safety of the Municipal City of South Bend, Indiana, did, on the — day of April, 1926, with the approval of the State Commissioner of Weights and Measures, appoint the said Charles J. Burns as City Sealer for the Municipal City of South Bend, Indiana.

"3. That within five days after the relator's appointment by the Board of Public Safety, the said Charles J. Burns filed with said Board of Public Safety a bond in the penal sum of One Thousand Dollars which was executed by him as principal, and by B. J. McCaffery and Edward F. Keller as sureties, which bond was by said Board approved, a copy of which said bond is filed herewith, made a part hereof, and marked 'Exhibit A.'

"4. That said bond was retained in the files of said Board of Public Safety for a number of years but that the same is not now in such files and, after diligent search and inquiry, cannot be located.

"5. That the said relator as principal, and his said sureties, have not taken any steps to have such bond cancelled or rescinded.

"6. That the said relator after his appointment as such City Sealer, and within five days thereafter, took and subscribed an oath before the then City Clerk of the Municipal City of South Bend in which said oath he swore that he would support the Constitution of the United States and of the State of

Indiana, and that he would faithfully discharge the duties of the office of Inspector of Weights and Measures for the Municipal City of South Bend, Indiana.

"7. That the said relator had continuously from the time of his appointment and up to and including the time of his bringing this action, served as Inspector of Weights and Measures for the Municipal City of South Bend, Indiana.

"8. The court further finds that there was adopted by the Municipal City of South Bend, Indiana, on May 13th, 1901, an Ordinance relative to weights and measures, a copy of which is attached hereto, made a part hereof, and marked "Exhibit B." That said ordinance has not been repealed by any subsequent ordinance of said municipal city.

"9. That there had been appropriated by the Common Council of the city of South Bend, Indiana, a sum sufficient to pay the relator for his services and that there was and is now in the Treasury of said Municipal City, money and funds liable for the payment of his said claim.

"10. That on the 4th day of March, 1935, the Municipal City of South Bend, Indiana, was indebted to this relator in the sum of $220.00 for services rendered in his capacity as Inspector of Weights and Measures, which was a claim for services rendered during the months of January and February, 1935.

"11. That the said relator, on the 4th day of March, 1935, presented his duly verified claim for said sum of $220.00 to the Board of Public Works and Safety of the Municipal City of South Bend, which was the proper Board to which his claim should have been presented.

"12. That the defendant George W. Freyermuth is the duly elected, qualified, and acting Mayor of the Municipal City of South Bend, Indiana. That the defendant Fred Woodward is the duly appointed and acting Controller of the City of South Bend, Indiana, and, as such, a member of the Board of Public Works and Safety of said municipal city; and that the defendant Edwin W. Hunter is the duly appointed and acting City Attorney of South Bend, Indiana, and, as such, a member of the Board of Public Works and Safety. That the defendant Fred Anderson is the duly appointed and acting

City Civil Engineer of South Bend, Indiana, and, as such, a member of the Board of Public Works and Safety of said city; and that the defendant John DeHaven is the duly elected, qualified and acting Treasurer of the County of St. Joseph, Indiana, and, as such, an ex officio Treasurer of the City of South Bend.

"13. That the defendant George W. Freyermuth has attempted to declare said office of Inspector of Weights and Measures for the Municipal City of South Bend vacant, and has ordered that the said Board of Public Works and Safety refuse to allow any claims for this relator's services, and has further ordered his said Controller, Fred Woodward, and Treasurer, John DeHaven, not to issue any voucher in payment of the services rendered by this relator and that said defendants have refused to issue any warrant in payment for his services rendered during the months of January and February, 1935, and that said defendants refused to approve his said claim or deliver to this relator a warrant for said sum of $220.00, and will continue to so refuse unless ordered by this court so to do.

"14. That the defendants have not filed any charges against the said relator nor have they given him a hearing on charges and the State Commissioner of Weights and Measures has not approved the attempted discharge of said relator."

Upon the finding of facts the court stated its conclusions of law in favor of the relator.

A motion for a new trial was filed setting out eighteen reasons therefore; the first reason being that the decision of the court is not sustained by sufficient evidence and the second reason being that the decision is contrary to law. All other reasons assigned are for errors of law in the admission of certain evidence. The motion for a new trial was overruled.

The errors assigned for reversal are in the overruling of the demurrer to the complaint, the motion for a new trial, and error in the conclusions of law.

The relator was appointed to his position under Chapter 86 of the Acts of 1925, being sections 69-101—69-117,

Burns' Ann. Stat. 1933. Section 4 of said Act provides as follows:

"The common council of every city of the first, second and third class shall provide for the appointment by the commissioners of the public safety, of an inspector of weights and measures and provide for his compensation and for the necessary apparatus and expenses to be paid out of the city treasury. The said inspector of weights and measures shall serve continuously during good behavior under the provisions of section 160 of an act concerning municipal corporations, approved March 6, 1905, governing the fire and police force, and said inspector of weights and measures shall not be removed for any political reason and only for good and sufficient cause after an opportunity for hearing is given by the said commissioner of public safety: *Provided however,* That such provision shall not affect the power of the state commissioner of weights and measures to discharge county or city inspectors of weights and measures as set forth in section 6 of this act. No person shall be appointed as a city inspector of weights and measures in any city unless such person shall have been approved by the state commissioner of weights and measures and no such city inspector of weights and measures shall be removed without the approval and consent of the state commissioner of weights and measures. If deemed desirable or advantageous, the same persons may be employed as a city and county inspector of weights and measures, and if the same person be so employed the compensation and expenses of such inspector shall be divided between the city and the county, as agreed upon. The compensation of such an inspector of weights and measures shall not be less than fifteen hundred dollars ($1,500) per annum in the case of cities of the first class, and not less than twelve hundred dollars ($1,200) per annum in the case of cities of the second and third class."

It is the contention of appellants that the Act of 1925, insofar as it purports to fix the duration of relator's tenure to last during good behavior is unconstitutional, being in violation of Section 2 of Article 15 of the In-

diana State Constitution which provides that the General Assembly shall not create any office the tenure of which shall be longer than four years. And appellants further contend that conceding the Act of 1925 is valid it has been superseded by Section 10, Chapter 233, of the Acts of 1933, section 48-1222, Burns' Ann. Stat. 1933 (§11403, Baldwin's 1934), as amended by Section 2, Chapter 307, of the Acts of 1935. Under the latter Acts it is contended by appellants that the mayor has the right to remove the relator as inspector of weights and measures regardless of any pre-existing laws.

Does the Act of 1933 either expressly or by implication repeal the Act of 1925? The title of the Act of 1925 is an Act concerning scales, weights, measures, balances, and weighing devices and prescribing the rights, powers and duties of the state commissioners of weights and measures and providing for the appointment, qualifications, removal, and duties of county and city inspectors.

The title of the Act of 1933 is an Act concerning the classification and government of civil cities and fixing and providing for the salaries of officers and employees and repealing all laws and parts of laws in conflict therewith. It is clearly seen that the titles of the two acts deal with entirely different subjects and there is nothing to suggest that they are in conflict with one another.

Section 4 of the Act of 1925 provides that the common council of every city of the first, second, and third class shall provide for the appointment by the commissioners of the public safety, commonly known as the board of public safety of an inspector of weights and measures and provide for his expenses and the necessary apparatus and expenses to be paid out of the city treasury. The said inspector shall serve continuously during good behavior under the provisions of Section

160 of an act concerning municipal corporations, approved March 6, 1905, governing the fire and police force, and said inspector shall not be removed for any political reasons and only for good and sufficient cause after an opportunity for hearing is given by the commissioners of public safety and then only with the consent and approval of the state commissioners of weights and measures. Section 6 of the Act of 1925 provides that only those persons shall be eligible to appointment of inspectors who at the time of the passage of the act are county or city sealers or inspectors or who have passed an examination which shall be given by the state commissioner of weights and measures. Under this section the state commissioner has the power to discharge an inspector after notice and hearing with the right of the inspector to appeal to the circuit or superior court of the county where he resides. Section 5 of the Act provides that the city inspector shall be a deputy inspector under the direction of the state commissioner of weights and measures. The inspector shall keep a complete record of the work done by him and shall make a monthly and annual report to the state commissioner. Section 8 of the Act provides that the inspectors are special policemen and authorized and empowered to arrest without formal warrant for any violation of the statutes in relation to scales, weights, and measures.

As heretofore stated, the Act of 1933 relates to the classification of cities. Section 5 of the Act provides that in cities of the second class the duties of the board of public works and the duties of the board of public safety as now provided by law shall be performed by a board to be known as the "board of public works and safety," composed of the city controller, the city civil engineer, and the city attorney.

Section 10 of the Act provides that:

"All appointive officers, deputies, employees, assistants, and departmental and institutional heads not provided for under the provisions of this act, but which are provided for by laws or authority of law now in effect, shall not be considered as abolished by this act but such appointments shall be made by the mayor within his discretion as to number and positions named under laws or authority of law now in effect and such officers, deputies, employes, assistants, and departmental and institutional heads shall serve at the pleasure of the mayor, who may terminate their office or employment at any time; *Provided,* That nothing contained in this act shall be construed to repeal, alter or amend any law now in force or enacted by the 78th General Assembly concerning the employment, suspension and/or dismissal of the members of the fire and police departments of the several cities of the state."

Under the Act of 1925, Section 8, the inspectors were made special policemen with power to arrest without formal warrant for any violation of the statute in respect to weights and measures. In fact the whole duty of the inspectors is police duty of a particular class. And Section 4 of the Act of 1925 provides that the inspectors of weights and measures shall serve during good behavior under the provisions of section 160 of an act concerning municipal corporations, approved March 6, 1905, governing the fire and police force.

Under the Act of 1925 the board of public safety, with the approval of the state commissioners of weights and measures, appoints the city inspector. The law of 1933, Section 5, provides that the duties of the board of public works and the board of public safety shall be performed by a board to be known as the "board of public works and safety." The duties of the board of public safety were, by the Act of 1933, transferred to the "board of public works" and the appointment of an inspector would now be made by that board with the approval of the state commissioner and the discharge or

dismissal of an inspector could only be done by the board with consent and approval of the state commissioner of weights and measures, and in the manner provided by the Acts of 1925.

It is clear that the Act of 1933 did not expressly repeal the Act of 1925, and we think it is equally clear that there was no repeal by implication.

"It has been repeatedly affirmed by the decisions of this court that implied repeals are only recognized and upheld when the later act is so repugnant to the earlier as to render the repugnancy or conflict between them irreconcilable. A court will always, if possible, adopt that construction which, under the particular circumstances in a given case, will permit both laws to stand and be operative." *Board Commrs.* v. *Garty* (1903), 161 Ind. 464, 469, 68 N. E. 1012.

Construing the two acts together, we do not think they are in conflict; nor do we think the Act of 1933 repealed the Act of 1925, and therefore we conclude that the mayor was without authority to dismiss relator or to declare the office vacant.

The next question presented for our consideration is whether or not insofar as the Act of 1925 purports to fix the duration of relator's tenure to last during good behavior is constitutional. The appellants insist that it is not and cite the case of *Klink* v. *State ex rel. Budd* (1935), 207 Ind. 628, 194 N. E. 352, in support thereof. The Act specifically provides that the inspectors are special policemen and are under the direction of the state commissioner of weights and measures and their duties are those of employees under the direction of the state commissioner of weights and measures. Under the statute they may be discharged by him when not faithfully performing their duties and they must make monthly and annual reports to him. They have no executive or administrative duties independent of the duty to enforce rules and regulations of

the state commissioner. He is a deputy inspector under the direction of the state commissioner. He has charge of the city standards and must see that the weights and measures are correct. It is his duty to inspect, test, try, and ascertain all weights, scales, beams, measures of every kind, instruments or mechanical devices for measurement and the tools, appliances or accessories connected with any or all such instruments or measurements used or employed. He must keep a complete record of all work done by him and report to the state commissioner. His duties are all ministerial and performed under the direction and supervision of the state commissioner of weights and measures. In other words he is a mere employee and the case of *Klink* v. *State, supra,* is not controlling in the instant case, but it does come within the case of *Roth* v. *State ex rel. Kurtz* (1902), 158 Ind. 242, 63 N. E. 460, wherein it was held that a policeman was not a public officer as contemplated by the constitution. We do not think the provision of the Act complained of contravenes the provision of the constitution.

Section 5 of the Act of 1925 provides that the county or city inspector of weights and measures shall, when appointed, give a bond with sureties to be approved by the appointing power for the faithful performance of the duties of his office. At the time of trial the relator was unable to present the bond which he gave at the time he was appointed. Parol evidence was introduced to show that he gave a bond and took an oath that he would faithfully discharge his duties and parol evidence was introduced to show that the bond was lost or misplaced and could not be found. Objection was made to this proof. We think there was no error committed in the introduction of the evidence.

"Where a record is lost, its contents may be proved, like the contents of any other document, by the best

available secondary evidence." *Jones et al.* v. *Levi* (1881), 72 Ind. 586, 590. In finding No. 3, the court found that a proper bond was given and approved, and in finding No. 6, the court found that the relator took and subscribed to a proper oath. These findings are sustained by sufficient evidence.

The demurrer to the complaint was properly overruled.

We have carefully examined all of the objections to the admission and rejection of certain evidence as set out in the motion for a new trial and we find no error was committed by the court in the rulings thereon.

The decision of the court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.