BOARD OF COMMISSIONERS OF KNOX COUNTY *v.*
RITTERSKAMP.

[No. 16,774. Filed October 22, 1941. Rehearing denied
December 23, 1941. Transfer denied February 10, 1942.]

*Padgett & Rogers,* of Washington, and *Floyd L. Young* and *T. Ralph Alsop,* both of Vincennes, for appellant.

*Ramsey & Grayson,* of Vincennes, *Walter F. Woods,* of Sullivan, and *Allen, Hastings & Allen,* of Washington, for appellee.

CURTIS, J.—This action was instituted by the appellee against the appellant to recover salary claimed to be due the appellee as county inspector of weights and measures for Knox County, Indiana, and to recover expenses claimed to have been incurred by the appellee in the discharge of said duties. The appellee claims in this action, salary for the months of February, March, April, May, June, July, August, September, October, November and December, 1937, and January, February and March, 1938, at $125.00 per month and expenses for the same period of time in the sum of $389.10. The trial court found for the appellee and rendered judgment in his favor against the appellant in the sum of $1,683.40, and for interest and costs.

To the appellee's complaint, the appellant filed an answer in five paragraphs, the first being a general denial, and the second, third, fourth, and fifth being affirmative in nature. The appellee demurred to each of the affirmative paragraphs of answer. This demur-

rer was sustained as to the second, third, and fourth paragraphs, and overruled as to the fifth. A reply in general denial was then filed to said fifth paragraph of answer, closing the issues.

The cause was then tried before the court without the intervention of a jury, resulting as above indicated.

The appellant seasonably filed a motion for a new trial, which was overruled, and this appeal prayed and perfected. The rulings on the demurrers are not questioned in this appeal. The only error assigned for reversal, is the ruling on the motion for a new trial. The causes or grounds of the motion are that the finding of the court is not sustained by sufficient evidence and is contrary to law.

The undisputed evidence, mostly by stipulation, shows that the appellee, Frank Ritterskamp, was appointed county inspector of weights and measures on January 3, 1933, for a four-year term on his application for a four-year term. He served until February 1, 1937, on which date the board of commissioners of said county received the written consent and approval of Martin I. Lang, then state commissioner of weights and measures, to the removal of said Ritterskamp as county inspector of weights and measures. On February 1, 1937, having received such written consent and approval, the board of commissioners ordered the removal of Ritterskamp as county inspector of weights and measures. This removal was made without any charges being preferred and without any hearing being held. On February 1, 1937, the board of commissioners received the written consent and approval of the state commissioner of weights and measures, for the appointment of one Paul Wolfe as county inspector of weights and measures. On February 1, 1937, the said board, having received said written consent and approval, appointed Wolfe

as such inspector for a term of four years, effective on said date. Wolfe, on February 1, 1937, qualified and took over the office of such inspector. The evidence further shows that the salary of such inspector was duly fixed at $125.00 per month, plus six cents per mile for mileage traveled in the performance of duty, but not to exceed the sum of $400.00 per year.

The principal question is whether, under the Acts of 1925, ch. 86, being § 69-102 to § 69-117, inclusive, Burns' 1933, the county inspector may be removed by the board of commissioners with the approval and consent of the state commissioner of weights and measures, without charges being preferred and hearing given. Unless the preferring of charges and notice and hearing are necessary, the board of commissioners complied with all the requirements of the statutes when they removed Ritterskamp, in that they did obtain the written consent and approval of the state commissioner of weights and measures.

Section 3 of the act of 1925, as found in § 69-104, Burns' 1933, is entitled as follows: "County inspector of weights and measures—Appointment, removal, and compensation-District Inspectors." This section provides for the appointment of a county inspector of weights and measures with the approval of the state commissioner of weights and measures, and further provides that no county inspector of weights and measures may be removed by the board of commissioners, without the approval and consent of the state commissioner of weights and measures. It is true that the foregoing provision does not affirmatively authorize the removal of any such inspector by the board of county commissioners.

No other section of the Acts of 1925, provides for the removal of a county inspector of weights and measures by the board of commissioners of a county. Section 6 of the Acts of 1925, § 69-107, Burns' 1933, provides that if it is evident to the state commissioner of weights and measures that any county inspector of weights and measures is not properly and faithfully performing the duties of his office, the state commissioner of weights and measures shall have power to discharge said county inspector of weights and measures; and the section provides for the method of discharge by a state commissioner of weights and measures. We think that § 6, taken with § 3, makes it plain that the Legislature intended that the county inspector of weights and measures could be discharged by two different methods. One of the methods being that the board of commissioners of a county can remove a county inspector without charges and hearing if the consent and approval of the state commissioner of weights and measures has been first obtained. The other method is that the state commissioner of weights and measures can remove a county inspector of weights and measures by preferring charges and after hearing. It is evident that the purpose of § 6 is to provide a method of discharge by the state commissioner of weights and measures if the county has an inspector who is failing to do his duty and if the county board of commissioners refuses to act. In that event, the state commissioner of weights and measures can file charges and, after hearing, remove such a county inspector of weights and measures who is not faithfully performing his duties. Section 6 is merely a saving remedy for the state commissioner of weights and measures if the county commissioners

should refuse to dismiss and remove a county inspector of weights and measures.

No tenure of appointment is fixed for a county inspector of weights and measures and no conditions are attached to his removal by the board of commissioners, except that such removal must be with the consent and approval of the state commissioner of weights and measures, all of which is provided in § 69-104, Burns' 1933. Neither this statute nor any other statute of Indiana provides for any tenure of appointment for any county inspector of weights and measures. To permit the appellee to recover in this action will be to hold in effect that a county inspector of weights and measures is a tenure appointee.

The foregoing conclusion is reached solely on the act of 1925, which we believe clearly shows that a county inspector of weights and measures may be removed by the board of commissioners with the consent and approval of the state commissioner of weights and measures. However, the Acts of 1925, ch. 86, repealed only the laws and parts of laws in conflict therewith. The first act on county inspectors of weights and measures is that of ch. 263, Acts of 1911. This act was amended by ch. 161, Acts of 1913. Section 3, ch. 263, Acts of 1911, provides: "The board of commissioners may in their discretion appoint a county sealer of weights and measures who shall serve during the pleasure of the board . . ." Section 1, ch. 161, Acts of 1913, which amends said § 3 of ch. 263, Acts of 1911, provides that "The board of county commissioners . . . may appoint a county inspector of weights and measures who shall serve during the pleasure of said board. . . ." Nothing is said by the Legislature in 1911, or 1913, concerning the consent and approval of

the state commissioner of weights and measures being necessary before the county commissioners may remove the county inspector of weights and measures.

The Acts of 1925, do not expressly state that the county inspector of weights and measures shall serve during the pleasure of the board, but the Acts of 1911, and 1913, do contain this express provision. Construing these three acts in *pari materia,* as to those parts of the said Acts of 1911, and 1913, that are not repealed, it is clear that the county inspector of weights and measures does serve during the pleasure of the board, except that the board must get the consent in writing of the state commissioner of weights and measures before it can discharge. For cases that have been helpful see: *Indianapolis Northern Traction Company* v. *Ramer* (1906), 37 Ind. App. 264, 76 N. E. 808; *Freyermuth* v. *State, ex rel. Burns* (1936), 210 Ind. 235, 2 N. E. (2d) 399; See also: Opinions Attorney General of Indiana, 1937, p. 25.

Our conclusion is that the trial court erred in its ruling on the motion for a new trial. Judgment reversed with instructions to sustain the motion of the appellant for a new trial and for further proceedings not inconsistent herewith.

Stevenson, J., Bedwell, J. Not participating.

NOTE.—Reported in 36 N. E. (2d) 969.