Tom **FELDER**, Plaintiff,

v.

Sam **OLIVERIO**, individually and in his official capacity as President of the Lowell Town Council; Town of Lowell, Defendants.

No. 2:96–CV–26–RL.

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 7, 1996.

Ivan E. Bodensteiner, Valparaiso, IN, for plaintiff.

John P. Bushemi, Merrillville, IN, Edward P. Grimmer, Crown Point, IN, Alan J. Brinkmeier, Chicago, IL, for defendants.

### *ORDER*

LOZANO, District Judge.

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment filed on February 23, 1996; Defendants' Motion to Dismiss, Defendants' Motion for Summary Judgment, and Defendants' Motion for Oral Arguments, filed on March 11, 1996; and Plaintiff's Motion to Strike Portions of Oliverio Affidavit, filed on March 20, 1996. For the reasons set forth below, Plaintiff's Motion to Partial Summary Judgment is **DENIED**; Defendants' Motion to Dismiss is **TAKEN UNDER ADVISEMENT**; Defendants' Motion for Summary Judgment is **GRANTED** as to the state law claim, and **TAKEN UNDER ADVISEMENT** as to the other claim; Defendants' Motion for Oral Argument is **DENIED**; and Plaintiff's Motion to Strike Portions of Oliverio Affidavit is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff has 15 days from the date of this order to respond to defendants' arguments against his stigma-plus claim. Defendants have seven days to reply.

### *BACKGROUND*

Plaintiff, Tom Felder ("Felder"), became the police chief of the Town of Lowell in August 1992, after the Lowell Board of Metropolitan Police Commissioners (the "Board of Commissioners") recommended him for the position, and the Town Council approved the appointment. Felder served as chief until January 8, 1996, when he was demoted to his prior rank by the president of the Lowell Town Council, Sam Oliverio ("Oliverio"). Felder now sues Oliverio and the Town of Lowell (referred to jointly as "Defendants")

claiming that he was deprived of liberty without due process and that Oliverio did not have the power to demote him under the Indiana Constitution.

Oliverio demoted Felder during a public meeting of the Lowell Town Council. Oliverio based his decision on statements made against Felder by various council members.[1] The statements made by the council members charged that Felder had been fiscally irresponsible in the management of the police department, and that Felder was responsible for inequities in the salary increases and in disciplinary actions in the police department.

Initially Plaintiff presented in his complaint the two claims mentioned above. After Plaintiff filed his partial motion for summary judgment and Defendants filed their separate motion to dismiss and motion for summary judgment, Plaintiff filed an amended complaint which added other claims and other parties to the suit. In the pretrial conference of June 7, 1996, the parties informed the Court that despite the amended complaint, the issues presented in the motions remained viable and they requested a ruling from the Court. This order concerns only the first two claims because the motions do not discuss the two added claims.

## DISCUSSION

### Motion for Oral Arguments

■ Defendants filed their Motion for Oral Arguments pursuant to Local Rule 7.5 of the Northern District of Indiana. The Local Rule gives discretion to the Court on whether to allow oral argument on a motion. This Court does not routinely set hearings on dispositive pretrial motions. The Court only holds such hearings upon a particular showing that a hearing is necessary or would be helpful in ruling on the motion.

■ Defendants have had the opportunity to present their arguments in the briefs in support of their motions and in their replies. Although Defendants ask for a hearing because the issues in this case involve important policy matters for the municipal governments in the State of Indiana, Defendants do not explain why they could not present all their arguments in writing. Since it appears that in a hearing the parties would simply restate what they said or should have said in their briefs, the Court does not find that a hearing is necessary. Accordingly, the Motion for Oral Arguments is **DENIED.**

### Motion to Strike Portions of Oliverio Affidavit

Plaintiff filed a motion to strike parts of the affidavit signed by Oliverio and submitted with Defendants' Motion for Summary Judgment. Felder argues that several paragraphs in the affidavit address questions of law instead of fact, are irrelevant to the issues at hand or were made without personal knowledge. Felder challenges paragraphs, 1, 2, 3, 7, 8, and 9.

1. The minutes of the Town Council meeting describe the statements made by the council members against Felder:

Police Commission— ... Councilman Zagrovich stated, "Since the adoption of the 1996 Salary Ordinance numerous members of the Police Department have expressed their displeasure with the lack of equity concerning the salary increase.... Also I would like to state there have been complaints by members of the Police Department that the Police Commission has ineffectively managed the affairs of the department by allowing the unequal treatment of police officers when discipline matters have risen." ...

\* \* \* \* \* \*

Police Chief–Councilman Just stated, "Similar to my concerns and complaints about the previous Police Commission, I feel that Chief Felder, although he was doing what he thought was best, he has participated in the budget of the Police Department, and he has participated in the building and budget of the new police station and I feel as the Police Commission that the fiscal responsibility that was due to the taxpayers of this town have not been withheld. I feel that the Police Department needs new direction and I would ask the Council to back that opinion." Councilman Zagrovich stated, "As I convened earlier, my feelings with the Police Commission and with Chief Felder are both responsible for the inequities that I stated and also for the concerns of numerous officers for the lack of morale and excessive salary increase that was negotiated by the Police Commission." ... President Oliverio stated, "Based upon the stated views of the members of the Town Council pursuant to state laws as executive of the Town, I have no alternative but to demote Chief Town Felder."

Minutes of Lowell Town Council Regular Meeting, January 8, 1996, p. 8, 11 (quotation includes errors in the original).

■ The Court **GRANTS** the motion to strike paragraphs 3, 7, 8, and 9 of Oliverio's affidavit because they present conclusions of law. Paragraph 3 is a conclusion that the office of the police chief is an employment position. Whether the position of police chief is a public office or an employment position is an important legal issue in one of the claims presented by the Plaintiff. Oliverio's statement is merely a legal opinion. Paragraph 7 raises the question of whether the Board of Commissioners is the governing board for the police department and whether the duties of the police chief are established by contract or by law. Paragraphs 8 and 9 address the issue of whether any ordinance or contract granted Felder a property interest in the police chief position or guaranteed him certain procedures with his position. These are all determinations of law, not of fact.

Felder also argues that Oliverio did not have personal knowledge of the facts in paragraph 1 which describes how Felder became chief of police. Even if the Court granted the motion as to this paragraph, Defendants introduced the same information through the minutes of the Town Council meeting. Therefore, the effect of striking that paragraph would be moot. Accordingly, the Court **DENIES** the motion to strike paragraph 1 for lack of knowledge as **MOOT**.

■ Last, Plaintiff argues that several of the paragraphs in the affidavit are irrelevant to the issues at hand. All the information in Oliverio's affidavit relates the tenure of Felder as police chief in Lowell. Paragraphs 1 and 2, for example, describe the factual background in this litigation. That some of the statements in the affidavit may not be ultimately determinative for the legal issues presented in the motions, does not mean that the statements are irrelevant. The Court will not strike any of the paragraphs in the affidavit as irrelevant.

In conclusion, the Court **GRANTS** the motion to strike paragraphs 3, 7, 8, and 9, from Oliverio's affidavit. The Court **DENIES** the motion to strike paragraphs 1 and 2.

*Federal Due Process Claim*

In their motions, Defendants argue that Felder was not deprived of property without due process when he was removed from the position of police chief because Felder did not have a property interest in the position. Consequently, Defendants conclude, Felder responds that he is not alleging a protected property interest. Instead, Felder alleges that stigmatizing statements made by Defendants when Felder was demoted implicated his liberty interest because the statements tarnished his good name and reputation and substantially interfered with his employment opportunities.

■ The courts have recognized a liberty interest in a public employee's protection of his good name, reputation, integrity, and honor, and in his freedom to take advantage of other employment opportunities. *Munson v. Friske*, 754 F.2d 683, 693 (7th Cir.1985); *Hadley v. County of DuPage*, 715 F.2d 1238, 1244 (7th Cir.1983). These two interests overlap because the foreclosure of other employment opportunities often is accompanied by serious accusations. *Adams v. Walker*, 492 F.2d 1003, 1008 (7th Cir.1974). When a government terminates an employee and makes false public statements that stigmatize that employee, the employee's liberty interest is implicated and he is entitled to a due process hearing. *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir.1992); *Holly v. City of Naperville*, 603 F.Supp. 220, 225 (N.D.Ill.1985).

Although Defendants present several arguments against Plaintiff's liberty interest due process claim, they presented these arguments for the first time in their reply. This means that Plaintiff has not had an opportunity to respond to those arguments. The Court will not rule on these arguments without giving Plaintiff an opportunity to respond. Accordingly, Plaintiff has 15 days from the date of this order to respond to Defendants' motion to dismiss and motion for summary judgment against his stigma-plus claim. The Court will also defer examining the issues of town policy, punitive damages and qualified immunity because the underlying claim affects the determination of those issues. Defendants have seven days after Plaintiff files his response to reply.

Because the parties have attached matters outside the pleadings to the motions and

responses, and because the issues presented in the motion to dismiss and the motion for summary judgment overlap, the Court will determine the questions presented by the federal claim under a summary judgment standard. *See* Fed.R.Civ.P. 12(b). The Court hereby notifies the parties that it intends to do so, in order to give the parties a reasonable opportunity to present all pertinent materials with the briefs requested in the previous paragraph. *See id.*

Accordingly, the Court takes Defendants' Motion to Dismiss and Motion for Summary Judgment **UNDER ADVISEMENT.**

*State Law Claim Under Indiana Constitution, Article XV, Section 2*

Plaintiff filed a motion for partial summary judgment asking the Court to hold that under the Indiana Constitution, Article XV, section 2, Oliverio, as the President of the Town Council, did not have the authority to remove Felder from the office of police chief. In their brief in support of their motion for summary judgment, Defendants asked the Court to find that Felder's demotion was valid under the Indiana Constitution.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if the moving party demonstrates that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. *See Nebraska v. Wyoming,* 507 U.S. 584, 589–90, 113 S.Ct. 1689, 1694, 123 L.Ed.2d 317 (1993); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The constitutional question presented by the parties is a question of law, which does not depend on any factual determination. Therefore, the Court will decide whether one of the parties is entitled to judgment as a matter of law.

Article XV, section 2 of the Indiana Constitution reads:

When the duration of any office is not provided for by this Constitution, it may be declared by law; and, if not so declared, such office shall be held during the plea-

sure of the authority making the appointment. But the General Assembly shall not create any office, the tenure of which shall be longer than four years.

Felder claims that as chief of police of the Town of Lowell he held an office for which the duration was not determined by law. Since he was appointed by the Lowell Board of Commissioners, he served the at pleasure of the Board. Therefore, he argues, under the Indiana Constitution, only the Board of Commissioners and not Oliverio had the power to remove him from the office of police chief.

Defendants respond that Oliverio derived his power to demote Felder from Indiana Code section 36–8–3–4(m) which provides that the town executive[2] at his or her pleasure, "may reduce in grade any member of the police ... department who holds an upper level policymaking position."[3] Felder responds that Indiana Code section 36–8–3–4(m) is inconsistent with Article XV, section 2 of the Constitution and is therefore invalid.

In their brief, Defendants present several arguments against Plaintiff's motion. First, Defendants argue that the police chief is not an office within the meaning of Article XV, section 2. Second, Defendants claim that because the legislature has set the duration of the office of police chief, the police chief does not serve at the pleasure of the appointing authority.

Article XV, section 2, applies only to an "office" within the meaning of the section. Indiana courts have explained the difference between a public office and public employment:

An office, as opposed to an employment, is a position for which the duties include the performance of a sovereign power for the public's benefit, are continuing, and are created by law instead of contract.

Generally, one who holds an elected or appointed position for which the public's

---

**2.** As president of the Lowell Town Council, Oliverio is the town executive as defined by law. *See* Ind.Code § 36–1–2–5.

**3.** The parties do not dispute that a police chief holds an upper level policymaking position.

duties are prescribed by law is a "public officer." ...

\* \* \* \* \* \*

An officer is also distinguished by his power of supervision and control and liability to be called to account as a public offender in case of malfeasance in office. *Mosby v. Bd. of Commissioners,* 134 Ind. App. 175, 186 N.E.2d 18, 20–21 (1962); *see also State ex rel. Black v. Burch,* 226 Ind. 445, 80 N.E.2d 294, 299 (1948); *Hyde v. Bd. of Commissioners,* 209 Ind. 245, 198 N.E. 333, 337 (1935); *Gaskin v. Beier,* 622 N.E.2d 524, 527 (Ind.Ct.App.1994). In addition, an office tends to carry greater importance and independence than an employment position. *Hyde,* 198 N.E. at 337.

■ None of these factors are conclusive in determining whether a government position is an office or employment. 67 C.J.S. *Officers* § 8(a) (1978). The Court must consider all these factors when deciding the nature and character of the position.

■ The Indiana courts have not decided whether a police chief is an officer within the meaning of Article XV, section 2. Other policemen who are not chiefs are not Article XV, section 2 officers. *Roth v. State,* 158 Ind. 242, 63 N.E. 460, 468–69 (1902); *see also Foley v. Consolidated City of Indianapolis,* 421 N.E.2d 1160, 1163 (Ind.Ct.App.1981) ("[T]he police are employees rather than officers ... their relationship with the city is purely contractual"). Nonetheless, the police chief is a distinct position within the police force. *State v. Carey,* 241 Ind. 692, 175 N.E.2d 354, 355–56 (1961). The Court cannot conclude that a police chief is not an officer simply because other police members are only employees.

In *State v. Carey,* 175 N.E.2d 354, the Supreme Court of Indiana held that a police chief was an officer for the purpose of a criminal statute that punished malfeasance in the discharge of duties of a municipal office. In its decision, the court distinguished between the chief of police and other members of the police department. In contrasting the police chief with other policemen, the court noted that the chief of police served subject to the will and the term of a mayor or other municipal authority, and that the chief had special statutory authority not granted to other policemen. *Id.* at 356.

■ Applying *Carey* to the constitutional provision at hand and analyzing the factors listed above, the Court concludes that a police chief is an officer within the meaning of Article XV, section 2. The office is created by law. *See* Ind.Code 36–8–9–4(a). The office involves the performance of the sovereign power for the public's benefit, in particular, executive power in the implementation of the law by the police. *See* Ind.Code § 36–8–9–4(d) ("[T]he police chief ... is the executive head of the [police] department"); *see also* Ind.Code § 36–8–3–3(g) ("The police chief has exclusive control of the police department, ... subject to the rules and orders of the safety board"). Although the Lowell police chief does serve under the orders of the Board of Commissioners, "[t]he fact that the authority of one officer is subordinate to that of another does not prevent him from being an officer." *Hyde,* 198 N.E. at 337. The chief's duties are continuing, not intermittent or occasional in nature, because directing a police department is not an occasional duty. Finally, as *Carey* held, a police chief can be held accountable for public malfeasance.

Defendants argue that even if the police chief position is an Article XV, section 2 office, the duration of the office is declared by statute and therefore, the chief does not serve "during the pleasure of the authority making the appointment." Defendants argue that Indiana Code section 36–8–3–4(m), which gives the town executive the authority to demote the police chief, sets the duration of the term for the office.

■ The Indiana legislature has the power to establish the term for any office created by statute. *See Dortch v. Lugar,* 255 Ind. 545, 266 N.E.2d 25, 34 (1971); *see also Rogers v. Calumet Nat'l Bank,* 213 Ind. 576, 12 N.E.2d 261, 265 (1938); *Corn v. City of Oakland City,* 415 N.E.2d 129, 132 (Ind.Ct. App.1981). Hence, the legislature can name the duration of the office of chief of police. According to the Indiana Supreme Court, such law declaring the duration of the term

of an office does not need to specify a set number of years. *See Klink v. State ex rel. Budd,* 207 Ind. 628, 194 N.E. 352, 354 (1935) (stating that a law that provides that an officer shall serve during good behavior declares the duration of the officer's term); *Roth v. State ex rel. Kurtz,* 158 Ind. 242, 63 N.E. 460 (1902) (Duration does not "necessarily mean a definite period, as, for instance, one year, two years, or three years. On the contrary, [it refers] to a term of office which is established or settled as *contradistinguished* from the term which depends upon the mere will or pleasure of the appointing power.") Although Felder argues that Article XV, section 2 requires the legislature to establish a set term, Felder's argument is contrary to the statements by the Indiana Supreme Court in *Klink* and *Roth.*

In *Klink,* the Indiana Supreme Court found that a law provided that certain public officers would serve during good behavior set the duration of the term of such officers. 194 N.E. 52. The court held the statute unconstitutional because, although under the limitations of Article XV, section 2, the tenure of an office could not exceed four years, a tenure during good behavior, which the court equaled to conditional life tenure, could last much longer. *Id.* 194 N.E. at 54.

■ Indiana Code 36–8–3–4(m), in establishing the duration of the term of the police chief office, does not conflict with the four-year limitation imposed by the Constitution. The town executive, who is the president of the Lowell Town Council in this case, can serve only for four years. *See* Ind.Code 36–5–2–2 and 3. Since the town executive can serve only for four years and the chief serves at his pleasure, the term of the chief is also limited to four years. Therefore, the duration of the term as set by the statute does not conflict with the Indiana Constitution in this case as it did in *Klink.*

■ In accordance with *Klink* and *Roth,* the Court concludes that Indiana Code section 36–8–3–4(m) sets the term for the position of the police chief, allowing the chief to serve at the pleasure of the town executive. By enacting Indiana Code section 36–8–3–4(m) the General Assembly preserved the executive's power to remove the police chief even when it decided to assign the appointing power to the Board of Police Commissioners.[4] The Court does not find that the Indiana Constitution mandates otherwise.

The Court finds that Oliverio had the proper legal authority to demote Felder from the police chief position and that his actions did not conflict with the Indiana Constitution. Accordingly, Plaintiffs' motion for partial summary judgment is **DENIED,** and Defendants' motion for summary judgment as to the state law claim is **GRANTED.**

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Partial Summary Judgment is **DENIED;** Defendants' Motion to Dismiss is **TAKEN UNDER ADVISEMENT;** Defendants' Motion for Summary Judgment is **GRANTED** as to the state law claim and is **TAKEN UNDER ADVISEMENT** as to the other claim; Defendants' Motion for Oral Argument is **DENIED;** and Plaintiff's Motion to Strike Portions of Oliverio Affidavit is **GRANTED IN PART** and **DENIED IN PART.** The Court **STRIKES** paragraphs 3, 7, 8, and 9 from the Affidavit and **DENIES** the motion as to paragraphs 1 and 2. Plaintiff has 15 days to respond to Defendants' argument against his stigma-plus claim. Defendants have seven days to reply.

---

4. Defendants argue that the appointing authority for the police chief position is the Lowell Town Council, not the Board of Commissioners. Defendants cite in support of this proposition a 1975 opinion by the Indiana Attorney General. However, the opinions of the Attorney General do not have the force of law and are not judicially binding. *Medical Licensing Bd. v. Ward,* 449 N.E.2d 1129, 1138 (Ind.Ct.App.1983). In *Sheridan v. Town of Merrillville,* 428 N.E.2d 268, 272 (Ind.Ct.App.1981), the court interpreted the stat-

ute precursor to Indiana Code section 36–8–9–4. The earlier statute also assigned the power to appoint the chief to the board of commissioners with the approval of the town board. The court held that under the law the board of commissioners was the appointing authority and that the town board's authority was limited to approving the original appointment. This Court agrees with the *Sheridan* court, and concludes that the Board of Commissioners appointed Felder.